UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRIPLE B CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>WHOLESOME CHOICE MARKET, INC, et al.,<br><br>                    Defendants. | CASE NO. C20-0030JLR<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE TO REFILING |

Before the court is Plaintiff Triple B Corporation's ("Triple B") second motion for default judgment. (2d MDJ (Dkt. # 17).) The court has reviewed Triple B's second motion and finds that it is both legally and factually deficient in several respects as more fully described below. Consequently, the court STRIKES Triple B's second motion for default judgment but without prejudice to refiling in a manner that provides the court with a sufficient legal and factual basis for the entry of a default judgment.

//

This is not the first time that the court has struck a motion by Triple B for the entry of default judgment. On June 16, 2020, Triple B filed simultaneously for the entry of default and for default judgment. (1st MDJ (Dkt. # 10).) The court denied the procedurally-improper motion without prejudice to refiling separately for default and for default judgment as the Federal Rules of Civil Procedure, the court's local rules, and Ninth Circuit authority requires. (*See* 6/25/20 Order (Dkt. # 13) at 1-2 (citing Fed. R. Civ. P. 55; Local Rules W.D. Wash. LCR 55(a); and *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), among other cases).)

Triple B filed a motion for the entry of default against Defendants Wholesome Choice Market, Inc., and Sivoush aka Sam aka Siavoush Nayyeri ("Nayyeri") (collectively, "Defendants") on July 7, 2020, which the Clerk entered that same day. (*See* MFD (Dkt. # 14); Order on Default (Dkt. # 15).)

On July 16, 2020, Triple B filed its second motion for default judgment. (*See* 2d MDJ.) The court's review of Triple B's second motion reveals several deficiencies. Triple B moves for default judgment under Federal Rule of Civil Procedure 55 and Local Rule LCR 55(b). (*See id.* at 1.) A court's decision to enter default judgment is always discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default conclusively establishes the defendant's liability on sufficiently-pleaded claims but does not establish the amount of damages. *Geddes v. United States Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Doe v. Rafael Saravia*, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004). Thus, to obtain a default judgment, the plaintiff must prove the amount

of damages to which it is entitled. *See Develder v. Hirshler*, No. 2:09-cv-1803 EFB P, 2012 WL 3962646, at *2 (E.D. Cal. Sept. 10, 2012) (citing *Shanghai Automation Instrument Co., Ltd. v. KUEI*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001)).

Here, Triple B asks the court to enter default judgment on amounts that it has not established. First, Triple B asks the court to enter default judgment on an award of attorney's fees—the amount of which is undisclosed. Indeed, in its proposed order granting default judgment, Triple B asks the court to include a statement that it "is entitled to file a motion for an award of attorney fees and costs pursuant to Fed. R. Civ. P. 54 and LCR 54." (Prop. Order (Dkt. # 17-1) at 2.) If Triple B wants the court to enter a default judgment that includes attorney's fees, then Triple B must prove the amount of those fees at the time of its motion for default judgment. The court cannot enter default judgment on a claim for an amount of damages, including attorney's fees, that is not proven.

Second, Triple B asks the court to enter default judgment on "additional finance charges at a rate of 18% per annum (1.5% per month), in accordance with the terms of the parties' contract, on the principal balance of $61,240.44 from May 31, 2020 until paid." (*Id.* at 1.) The court is at a loss as to how to interpret this request. Because Defendants have defaulted, it seems apparent that they do not intend to ever pay the principal balance. Triple B's request could be interpreted to mean that Defendants would be liable for a growing amount of finance charges in perpetuity, which is plainly incorrect. In any event, the court cannot enter default judgment on an undisclosed and unproven amount. To obtain a default judgment, Triple B must provide the court with a

clear calculation of its damages and a factual basis supporting that calculation, including documentary evidence and declarations as needed.[1]

Next, although Triple B provides a description of its claims (*see* MDJ at 5-8), it provides no analysis of the elements of each claim or the adequacy of the allegations in its complaint. As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for any allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes*, 559 F.2d at 560); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded factual allegations in the complaint are admitted by a defendant's default, "necessary facts not contained in the pleadings, and claims, which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (citation and quotation marks omitted); *Abney v. Alameida*, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). Thus, Triple B must demonstrate that its

//

---

[1] The court has discretion to decide whether to hold an evidentiary hearing on damages or to rely solely on declarations or documentary evidence to evaluate damages. *Fustok v. Conti Commodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Here, the court finds it appropriate to order Triple B to submit detailed declarations and supporting documentary evidence concerning its claims for damages and attorney's fees and to determine after review of such evidence if a further evidentiary hearing will be necessary.

claims are well-pleaded to obtain default judgment. Yet, Triple B does not adequately address this issue in its briefing.

Finally, when considering whether to exercise its discretion to enter a default judgment, the court considers a variety of factors, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of a plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471. Triple B makes no attempt in its motion for default judgment to address the *Eitel* factors. (*See generally* MDJ.)

Therefore, based on the foregoing analysis, the court STRIKES Triple B's motion (Dkt. # 17) as legally and factually deficient but without prejudice to refiling. The court notes, however, that it has expended considerable time and resources on Triple B's two failed attempts to obtain a default judgment. Nevertheless, the court will allow Triple B to file a motion for default judgment once again. The court cautions Triple B that such opportunities are not limitless. If Triple B refiles a motion for default judgment, it shall do so within 21 days of the filing date of this order. Any such motion shall contain a developed factual, procedural, and legal analysis of the case and of the justification for a grant of default judgment, including a statement of the legal standard to be applied on a motion for default judgment, an analysis of the *Eitel* factors, *see* 782 F.2d at 1471-72, as

//

1 | required for a grant default judgment, and a statement of the evidentiary support for, and
2 | calculation of, damages.

3 |       Dated this 24th day of July, 2020.

                                        JAMES L. ROBART
                                        United States District Judge